UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANDERSON WALLACE, JR.**                                **CIVIL ACTION**

                                                         **NO. 13-420-SS**

**TERREBONE PARISH SCHOOL
BOARD**

**ORDER**

DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Rec. doc. 32)

**GRANTED**

On March 5, 2013, the plaintiff, Anderson Wallace, Jr. ("Wallace"), filed a complaint against Terrebonne Parish School Board ("TPSB") for claims under 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. § 12111 (Americans with Disabilities Act ["ADA"]). Rec. doc. 1. TPSB moved to dismiss the claims because Wallace did not allege a disability and that he was a member of a protected class. Rec. doc. 1. He filed an amended complaint. Rec. doc. 12. The parties consented to proceed before the assigned Magistrate Judge. Rec. doc. 16. TPSB answered. Rec. docs. 17 and 18. The motion to dismiss was deemed moot. Rec. doc. 19.

On July 13, 2013, TPSB moved for partial summary judgment on the ADA claim on the ground that it was time-barred. Rec. doc. 23. The motion was granted. Rec. doc. 28.

In support of his Title VII claim, Wallace alleges that: (1) although he applied for jobs with TPSB, he did not get an interview because of TPSB's policy to exclude persons with criminal backgrounds; (2) the policy has a disparate impact on African-Americans males because such persons are more likely to have criminal records than white male applicants; (3) the policy is not job related; and (4) Wallace, who possesses a bachelor's degree and master's degree in counseling, is qualified for the position. He also alleges that: (1) he worked for Magnolia Family Services,

LLC ("Magnolia") as a counselor counseling children with ADHD; (3) Magnolia had a contract with TPSB; (4) Wallace was wrongfully charged with domestic violence, but the charges were dropped by state court; (5) Magnolia terminated Wallace after the incident; and (6) TPSB intentionally and maliciously interfered with his employment at Magnolia.  Rec. doc. 12.  Magnolia is not named as a defendant.

At his deposition, Wallace testified that:  (1) he never saw a contract between Magnolia and TPSB; (2) no one told him that there was such a contract; and (3) no one at Magnolia communicated to him that TPSB had anything to do with his termination.  Rec. doc. 32 (Exhibit 2).  Wallace testified that there must have been a contract because when he worked for Magnolia he was allowed to go to TPSB schools and take children out of the classroom for counseling based on a badge issued to him by Magnolia.  He worked for Magnolia when he applied to TPSB and was told he would not be interviewed for the TPSB job.  Id.

Donald Oliver, the CEO of Magnolia since 2007, stated in an affidavit that: (1) Magnolia did have nor has it had a contract with TPSB during the time Wallace was employed by Magnolia; and (2) TPSB had no contact with or influence over Magnolia's decision regarding Wallace's employment status.  Rec. 32 (Exhibit 1).

TPSB moved for partial summary judgment on Wallace's claim that TPSB intentionally and maliciously interfered with his employment at Magnolia.  Rec. doc. 32.  Wallace responds that, contrary to Oliver's affidavit, there had to be an agreement between TPSB and Magnolia or else Magnolia and Wallace could not have performed counseling services for TPSB's students.

In its May 31, 2013 answer, TPSB specifically denied that Magnolia had a contract with it.  Rec. doc. 18 at 2.   The discovery deadline was December 20, 2013.  Rec. doc. 22.   Wallace had

2

7 months to develop evidence that there was a contract between TPSB and Magnolia.

A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Kee v. City of Rowlett Texas, 247 F.3d 206, 2010 (5th Cir. 2001).  Wallace's argument does not present such evidence on the claim that TPSB intentionally and maliciously interfered with his employment by Magnolia.

Wallace also contends that he was terminated after a Houma newspaper published an article describing his successful rehabilitation as recovering substance abuser.  This does not demonstrate that, in response to this article, TPSB took action with Magnolia to have Wallace terminated.  Moreover, Olivier denies that such conduct occurred.

IT IS ORDERED that TPSB's motion for partial summary judgment (Rec. doc. 32) is GRANTED and Wallace's claim that TPSB intentionally and maliciously interfered with his employment at Magnolia is dismissed.

New Orleans, Louisiana, this 3rd day of February, 2014.

**SALLY SHUSHAN**
**United States Magistrate Judge**