UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANDERSON WALLACE, JR.**                **CIVIL ACTION**

                                         **NO. 13-420-SS**

**TERREBONE PARISH SCHOOL
BOARD**

**ORDER**

DEFENDANT'S MOTION TO STRIKE JURY DEMAND (Rec. doc. 42)

**GRANTED**

On March 5, 2013, the plaintiff, Anderson Wallace, Jr. ("Wallace"), filed a complaint against Terrebonne Parish School Board ("TPSB") for claims under 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. § 12111 (Americans with Disabilities Act ["ADA"]) with a demand for a jury. Rec. doc. 1. In response to TPSB's motion to dismiss the claims, Wallace filed an amended complaint with a demand for a jury. Rec. doc. 12. The parties consented to proceed before the assigned Magistrate Judge. Rec. doc. 16. TPSB answered without a request for a jury. Rec. docs. 17 and 18. The motion to dismiss was deemed moot. Rec. doc. 19.

Wallace's ADA claim was dismissed as time-barred. Rec. docs. 23 and 28. His claim that TPSB intentionally and maliciously interfered with his employment at Magnolia Family Services was dismissed. Rec. docs. 32 and 36. TPSB's motion to exclude any testimony regarding disparate treatment discrimination was granted. Rec. docs. 40 and 41.

TPSB moved to strike Wallace's jury demand. It urges that under federal law Wallace has no right to a jury trial for a claim of disparate impact discrimination. Rec. doc. 42. Wallace responds that under the Seventh Amendment to the U.S. Constitution, Fed. R. Civ. P. 38 and Title VII, his right to a jury is preserved, and he did not waive it. Wallace contends that TPSB filed a

jury demand.

Fed. R. Civ. P. 38(a) provides that, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Id. Subpart (b) provides, in part, that "[o]n any issue triable of right by a jury, a party may demand a jury trial by" serving a written demand or filing it in accord with Rule 5(d). Fed. R. Civ. P. 38(b). The Court has been unable to find where TPSB made a jury demand. Assuming it did, the issue remains as to whether Wallace's surviving claim is triable of right by a jury.

Compensatory and punitive damages may not be recovered for a claim that an employment practice is unlawful because of its disparate impact. Title VII provides in part:

> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 . . . against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act . . . and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages . . . from the respondent.

42 U.S.C. §§ 1981a(a). If a complaining party seeks compensatory or punitive damages under this section, any party may demand a trial by jury. 42 U.S.C. §§ 1981a(c); and see Lex K. Larson, Relief in Disparate Impact Cases (Chapter Summary), Larson on Employment Discrimination, Matthew Bender & Company, Inc. (2013) ("Since a disparate impact case is made without regard to the defendant's intent, punitive and compensatory damages are not available. . . .").

Because compensatory and punitive damages are not available for Wallace's disparate impact claim, neither he nor TPSB has a right to trial by jury. In Garcia v. Woman's Hospital of Texas, 143 F.3d 227 (5th Cir. 1998), the Fifth Circuit stated:

2

> Prior to the Civil Rights Act of 1991, Title VII claims could not be tried to a jury, and compensatory and punitive damages could not be awarded. The Civil Rights Act of 1991 amended Title VII to allow compensatory and punitive damages in cases of intentional discrimination (i.e., not in cases involving disparate impact only), and jury trials were permitted only in cases where compensatory and punitive damages were proper, in other words, in disparate treatment cases. Therefore, a jury may not determine the disparate impact claim, and, if that is the only claim left, there is no need for a jury.

143 F.3d at 230, note 1 (citations omitted).

IT IS ORDERED that the motion of the defendant, Terrebonne Parish School Board ("TPSB"), to strike the jury demand (Rec. doc. 42) is GRANTED.

New Orleans, Louisiana, this 18th day of February, 2014.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**