## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANDERSON WALLACE, JR.**                    **CIVIL ACTION**

                                             **NO. 13-420-SS**

**TERREBONE PARISH SCHOOL
BOARD**

## <u>ORDER</u>

PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT (Rec. doc. 60)

**DENIED**

On March 5, 2013, the plaintiff, Anderson Wallace, Jr. ("Wallace"), filed a complaint against Terrebonne Parish School Board ("TPSB") for claims under Title VII, 42 U.S.C. § 2000e, and Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111.   Wallace was represented by counsel. Rec. doc. 1.   TPSB moved to dismiss the claims because Wallace did not allege a disability and that he was a member of a protected class.   Rec. doc. 10.   He filed an amended complaint alleging that:   (1) TPSB had an employment policy or practice that operated to exclude African-Americans with criminal backgrounds from employment positions; (2) TPSB's screening process resulted in a disparate impact for African-American males because they were more likely to have criminal records than white applicants; and (3) as a recovering narcotics user, who suffered from drug addiction, Wallace qualified for protection under the ADA.   Rec. doc. 12.   The motion to dismiss was deemed moot.   Rec. doc. 19.

On May 14, 2013, counsel for Wallace signed the "Consent to Proceed Before a United States Magistrate Judge" form.   On May 15, 2013, the form was signed by counsel for TPSB. On May 17, 2013, District Judge Morgan signed the order of reference.   The certificate on the form was signed by Marie Firmin, who is the undersigned's administrative assistant who was duly

sworn as Deputy Clerk of Court at the commencement of her employment with the United States District Court for the Eastern District of Louisiana.   Rec. doc. 16.

On August 21, 2013, TPSB's motion for partial summary judgment on the ADA claim as time-barred was granted.   Rec. docs. 23 and 28.

Wallace alleged that: (1) he worked for Magnolia Family Services, LLC ("Magnolia") as a counselor counseling children with ADHD; (3) Magnolia had a contract with TPSB; (4) Wallace was wrongfully charged with domestic violence, but the charges were dropped by state court; (5) Magnolia terminated Wallace after the incident; and (6) TPSB intentionally and maliciously interfered with his employment at Magnolia.   Rec. doc. 12.   TPSB's motion for partial summary judgment on Wallace's claim that TPSB intentionally and maliciously interfered with his employment at Magnolia was granted.   Rec. doc. 36.

The case was set for trial before a jury on March 1, 2014.   Rec. doc. 22.   At a February 5, 2014 telephone settlement conference, the parties were unable to agree to a settlement.   Rec. doc. 39.   TPSB's motions in limine were granted.   Rec. doc. 41.   On February 11, 2014, TPSB moved to strike the jury because the only claim remaining was a Title VII disparate impact claim and there is no right to a jury trial in such a case. Rec. doc. 42.   The motion was granted.   Rec. doc. 46.

Findings were made at the conclusion of the March 10, 2014 bench trial.   Rec. doc. 56 at 90-94.   Wallace had not offered statistical evidence to demonstrate that the practice in question had resulted in prohibited discrimination.   Id. at 93-94.   He "failed to establish the facts necessary to prove that the alleged policy in question existed, and if it did exist, that it amounted to disparate impact."   Id. at 94.   On March 10, 2014, a judgment was entered in favor of TPSB.

Rec. doc. 58.   There was no appeal and it is therefore, a final judgment.

On March 4, 2015, Wallace, appearing *pro se*, filed a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b).   He makes four arguments:   (1) his counsel failed to conduct any discovery to develop evidence in the case; (2) counsel for TPSB, as well as his own counsel, lied to the Court when they stated that the felony at issue was not one of the prohibited felonies for the school system; (3) the Court lacked jurisdiction to proceed because he did not agree to proceed before the undersigned and Marie Firm was not authorized to sign the certificate; and (4) Debra Yarbrough, a representative of TPSB, lied in her testimony.   Rec. doc. 60.

Pursuant to Fed. R. Civ. P. 60(b), the Court may relieve Wallace from the final judgment for reasons enumerated in the Rule.

> The purpose of permitting substantive relief from a judgment or order is to allow the federal courts to strike the proper balance between two often conflicting principles—that litigation must be brought to a final close and that justice must be done.   Because upsetting a settled judgment clashes with this finality objective, the relief is considered "extraordinary" and generally reserved for only exceptional circumstances.

Baicker-McKee, Janssen and Corr, Federal Civil Rules Handbook, Rule 60 at 1184 (2011).

The consent to proceed before the undersigned Magistrate Judge was obtained in accord with the requirements of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.   The form was signed on behalf of Robinson by his counsel of record.   There was compliance with Fed. R. Civ. P. 11. There is no requirement for verification of the consent form.   Robinson challenges Ms. Firmin's authority to sign the certificate.   As noted above, she was sworn as a deputy clerk.

Robinson attacks the adequacy of his counsel's preparation of the case for trial; the conduct of counsel for TPSB and his counsel during the trial; and the testimony of a central witness for TPSB.   Robinson does not present any argument to overcome the deficiency in his *prima facie*

case.   In <u>Stout v. Baxter Healthcare Corp.</u>, 282 F.3d 856 (5th Cir. 2002).

> To establish a *prima facie* case of disparate impact, a plaintiff must both identify the employment practice that has the allegedly disproportionate impact and establish causation by offering statistical evidence to show that the practice in question has resulted in prohibited discrimination.   Ordinarily, a *prima facie* disparate impact case requires a showing of a substantial statistical disparity between protected and non-protected workers in regards to employment or promotion.

<u>Id</u>. at 860 (Citations and question marks omitted).   Robinson did not present statistical evidence at the trial and he does not present it in support of his Rule 60(b) motion.

Robinson has not presented exceptional circumstances that would justify extraordinary relief under Rule 60(b).

IT IS ORDERED that the motion of the plaintiff, Anderson Wallace, Jr., for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (Rec. doc. 60) is DENIED.

New Orleans, Louisiana, this 10th day of March, 2015.

**SALLY SHUSHAN**
**United States Magistrate Judge**